# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2680 | **DATE** | 10/4/12 |
| **CASE TITLE** | People of the State of Illinois v. Dale, et al. | | |

## DOCKET ENTRY TEXT

Plaintiff's Motion to Remand [16] is granted. Plaintiff's Motion for Attorneys' Fees and Costs [25] is granted; Plaintiff shall submit an itemization of reasonable attorneys' fees and costs incurred as a result of the removal within seven days of the date of this Order. This case is remanded to the Circuit Court for the Sixteenth Judicial Circuit, Kane County. After Plaintiff's attorneys' fees and costs are resolved, this civil case will be terminated.

■[ For further details see text below.]                                    Docketing to mail notices.

## STATEMENT

Defendant (who appears to also be known as Robert Dale, Robert Sperlazzo, or Robert Dale of the House of Sperlazzo) has filed an Emergency Notice of Removal of an action filed by the People of the State of Illinois, through the Kane County State's Attorney, in state court. Defendant is a party to a lawsuit, captioned *Kane County Bar Association v. Robert Sperlazzo*, which is currently pending in the Kane County Circuit Court. In October 2011, Defendant removed the case to federal court. But Judge Shadur *sua sponte* remanded the case to state court, holding that there was no basis for federal subject-matter jurisdiction. *Kane County Bar Ass'n v. Sperlazzo*, No. 11-cv-7472, Dkt. No. 7. Back in state court, Defendant filed a lawsuit, alleging that judges presiding over a case pending against him acted contrary to the U.S. Constitution. Subsequently, Plaintiff filed a criminal contempt of court proceeding against Defendant in *People of the State of Illinios v. Dale, et al.*, Case No. 12 CC 4 (Kane County Circuit Court), alleging that in three separate cases, Defendant has filed contemptuous documents. Defendant now seeks to remove the contempt petition to this Court. (*See* Dkt. No. 7-1 at 62-81 and Dkt. No. 7-2 at 2-11 (the "Contempt Petition").

Defendant has asserted no valid grounds for removal. The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). The removing party bears the burden of proving by a preponderance of the evidence that the elements of the Court's jurisdiction are met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006). If the district court lacks subject-matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c). Defendant argues that the Contempt Petition should be removed because "a federal question is presented by Plaintiff's numerous references to exhibits where the foundation of the alleged contempt challenges the judiciary therein as having violated both the Illinois and United States constitutions in substantial due process." (Resp. at 5.) Defendant is essentially arguing that the three cases he filed in state court, naming state-court judges as acting contrary to the U.S. Constitution, contain federal questions. Therefore, Defendant argues, the instant contempt case that Plaintiff filed against

Defendant is also pervaded with federal questions that create a basis for federal-question jurisdiction. Defendant's argument lacks merit.

Under the well-pleaded complaint rule, federal-question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (*Caterpillar*); *see Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908) ("[A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution."). In the contempt case, Plaintiff has not pleaded any violation of the Constitution or any violation of federal law.

Nor can Defendant establish diversity jurisdiction, which Defendant asserted as a basis for removal in his Notice of Removal. The basis of Defendant's argument is absurd. Defendant argued that he is one of the people of the Illinois, which he asserts is a foreign nation to the United States. Defendant's counsel abandoned this argument, rightly so, in his Response to Plaintiff's Motion to Remand. This argument, which lacks merit anyhow, has been waived. *See United States v. Tockes*, 530 F.3d 628, 633 (7th Cir. 2008) ("Unsupported and undeveloped arguments . . . are considered waived.").

As Defendant has established no valid basis for federal jurisdiction, Plaintiff's Motion to Remand [16] is granted. Plaintiff has also filed a Motion for Attorneys' Fees pursuant to 28 U.S.C. § 1447(c), which provides, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court held that a district court may award attorneys' fees under Section 1447(c) only where the removing party lacked an "objectively reasonable basis" for seeking removal. *Martin v. Franklin Capital*, 546 U.S. 132, 141 (2005). In the Seventh Circuit, the general rule is:

> [I]f, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees.

*Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007). Here, there is no doubt that "clearly established law demonstrated that [Defendant] had no basis for removal." In his Notice of Removal, Defendant based his grounds for removal on diversity jurisdiction, which had no basis in clearly established law. In his Response to Plaintiff's Motion to Remand, Defendant changed his basis for removal to federal-question jurisdiction, which equally had no basis in clearly established law. Furthermore, from Judge Shadur's ruling in *Kane County Bar Ass'n v. Sperlazzo*, No. 11-cv-7472, Defendant was on notice of the strict requirements to remove this case to federal court. Accordingly, Plaintiff's Motion for Attorneys' Fees and Costs [25] is granted; Plaintiff shall submit an itemization of reasonable attorneys' fees and costs incurred as a result of the removal within seven days of the date of this Order.